**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AKBA COWELL,<br><br>　　　　　　　Plaintiff,<br><br>　　　　vs.<br><br>ARAMARK and MERCY COLLEGE,<br><br>　　　　　　　Defendant. | 21 CV. 3934 (_____)<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff AKBA COWELL, by his attorneys, Taylor Louis, LLP, complaining of the Defendants ARAMARK and MERCY COLLEGE herein, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1.　　This is an action to recover money damages arising out of defendants' violation of plaintiffs' rights as secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, as amended, the New York State Human Rights Law, New York Executive Law § 290 et seq., and of rights secured by the Fourteenth Amendment to the United States Constitution, which prohibit discrimination based upon race, creed, color, and/or national origin.   Plaintiff AKBA COWELL was, at all times relevant to the allegations made herein, a male of African descent, who is also a United States citizen.   Plaintiff AKBA COWELL was employed by ARAMARK at the Dobbs Ferry Campus of MERCY COLLEGE from on or about   21 November 2019 until 18 March 2020, where he held the position of Utility Worker.   On or about 18 March 2020 Plaintiff AKBA COWELL received a letter from Adam Rubin, the General Manager for ARAMARK at the Dobbs Ferry Campus of MERCY COLLEGE, informing him that his employment with ARAMARK was terminated.   The termination was preceded by complaints from Plaintiff AKBA COWELL about discriminatory conduct directed at him by managers employed by ARAMARK at the Dobbs Ferry Campus of MERCY COLLEGE.   The termination was made for discriminatory and retaliatory reasons.   At all times relevant herein ARAMARK was and is a DELAWARE corporation doing business in the STATE OF NEW YORK, with headquarters in

PHILADELPHIA, PENNSYLVANIA. At all times relevant herein MERCY COLLEGE was, and still is, a private university operating in the STATE OF NEW YORK, with campuses in Dobbs Ferry, Manhattan, the Bronx and Yorktown Heights. At all times relevant herein ARAMARK and MERCY COLLEGE were aware that Plaintiff AKBA COWELL was not being treated in a manner that was fair and in compliance with the laws prohibiting discriminatory conduct against him during his employ based upon his race. Plaintiff AKBA COWELL was not afforded equal treatment due to his race, and he was terminated in retaliation for asserting his right to be treated in a manner equal to the treatment afforded Caucasian employees working on behalf of ARAMARK and MERCY COLLEGE.

## JURISDICTION

2.      This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, as amended, and of rights secured by the Fourteenth Amendment to the United States Constitution, and the laws of the State of New York, e.g., the New York Human Rights Law, New York Executive Law § 290 et seq., which prohibit discrimination based upon race, creed, color, and/or national origin. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343 and the aforementioned statutory provisions.

3.      Plaintiffs further invoke this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367, over any, and all, State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

4.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (b) because the claims arose in this district.

## PARTIES

5.      Plaintiff AKBA COWELL was and still is a resident of the County of

Westchester, City of Yonkers, State of New York.

6. Plaintiff AKBA COWELL is a male, United States citizen of African descent.

7. At all times relevant herein, Defendant ARAMARK, was, and still is, a DELAWARE corporation doing business in the State of New York, at the Dobbs Ferry Campus of MERCY COLLEGE, in particular.

8. At all times relevant herein, the managers, supervisors and employees of ARAMARK at the Dobbs Ferry Campus of MERCY COLLEGE were acting within the scope of their duties and functions as agents, servants and employees of Defendant ARAMARK, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for, and on behalf of, Defendant ARAMARK at all times relevant herein, with the power and authority vested in them as agents, servants and employees of Defendant ARAMARK and incidental to the lawful pursuit of their duties as employees, servants and agents of Defendant ARAMARK.

9. At all times relevant herein, Defendant MERCY COLLEGE, was, and still is, a private university, operating in the State of New York, with campuses in Dobbs Ferry, Manhattan, the Bronx and Yorktown Heights.

10. At all times relevant herein, the managers, supervisors and employees of MERCY COLLEGE at the Dobbs Ferry Campus of MERCY COLLEGE were acting within the scope of their duties and functions as agents, servants and employees of Defendant MERCY COLLEGE, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for, and on behalf of, Defendant MERCY COLLEGE, at all times relevant herein, with the power and authority vested in them as agents, servants and employees of Defendant MERCY COLLEGE and incidental to the lawful pursuit of their duties as employees, servants and agents of Defendant MERCY COLLEGE.

**STATEMENT OF FACTS**

11. Plaintiff AKBA COWELL worked for ARAMARK for the benefit of MERCY COLLEGE at the Dobbs Ferry Campus of MERCY COLLEGE in the capacity of Utility Worker from November 2019 until 18

March 2020.  The period of 23 August 2019 through 18 March 2020 represents the relevant period in this action, based upon the filing of Plaintiff's EEOC claim on or about 15 July 2021.  Although Plaintiff AKBA COWELL was hired by Defendant ARAMARK on or about 23 August of 2019, he was not given the assignment as Utility Worker at the Dobbs Ferry Campus of Defendant MERCY COLLEGE until on or about 21 November of 2019.  Plaintiff AKBA COWELL had initially applied for a managerial position with Defendant ARAMARK but he was summarily looked over for any such position.  Plaintiff AKBA COWELL subsequently applied for a position as manager, including other campus locations, with the same result.  This failure by Defendant ARAMARK was the first sign of discriminatory conduct.  Throughout the period of time ARAMARK employed Plaintiff AKBA COWELL, he was subjected to a hostile and racially discriminatory work environment, and adverse terms and conditions of employment, including denial of promotions due to his race.  Despite his numerous complaints to the Human Resources Department of Defendant ARAMARK, the complaints were not addressed in any meaningful way.  Instead, and although the termination letter of 18 March 2020 was silent as to the reason for his termination, he was terminated related to the unfounded allegations that Plaintiff AKBA COWELL had engaged in some form of harassment directed towards an employee of, or student at, Defendant MERCY COLLEGE.  In addition, to the unlawful hostile and discriminatory work environment Plaintiff AKBA COWELL was subjected to by ARAMARK managers/supervisors Adam Rubin, General Manager, and Michael (Mike) Marucci, Facilities Manager/Supervisor, it is alleged that Messrs. Rubin and Marucci, in their continued efforts to harass and discriminate against Plaintiff AKBA COWELL, concocted the allegation of harassment against Plaintiff AKBA COWELL and solicited the participation of MERCY COLLEGE employees and/or students, including, but not limited to, Marianne Spraguer, Food Service Manager, to support the false allegation of harassment as a pretext for terminating Plaintiff AKBA COWELL.  Messrs. Rubin and Marucci, who were the direct decision makers concerning the work performed by Plaintiff AKBA COWELL during his employment with Defendant ARAMARK, and Andrew DeMelia, the District Manager for Defendant ARAMARK, who was also aware of

the unlawful hostile and discriminatory environment Plaintiff AKBA COWELL was subjected to during his employment with Defendant ARAMARK, are all Caucasian.

12. During the time of his employment with Defendant ARAMARK, Plaintiff AKBA COWELL was subjected to harassment in the form of physical intimidation that other similarly situated employees were not subjected to.  For example, Mike Marucci, made it a point to inform Plaintiff AKBA COWELL that he held a black belt in karate, after also providing an unsolicited viewing of pictures of his personal gun collection.

13. In another instance, Plaintiff AKBA COWELL was denied access to or not assisted in obtaining the safety boots and/or other equipment that he was told were necessary to perform the functions of Utility Worker, while at the same time receiving criticism from Mike Marucci and Adam Rubin concerning his alleged lack of preparedness for work.  Other workers who were not African-American were not subjected to similar treatment.

14. In yet another instance, Plaintiff AKBA COWELL was required by his supervisors to collect refuse, as part of the normal responsibilities of a Utility Worker, while being held to completion deadlines that other similarly situated Caucasian co-workers were not held to.

15. During the relevant period here Plaintiff AKBA COWELL became aware of the physical assault of a co-worker of African-descent by then-General Manager, Adam Rubin, and was personally subjected to the scare tactics perpetrated by then-Facilities Manager/Supervisor, Mike Marucci, against him, accompanied with other inappropriate behavior by Mike Marucci, like taking cell phone camera pictures of his crotch and texting them to Adam Rubin.

16. All of the conduct referenced above was communicated to the Human Resources Department of Defendant ARAMARK through Human Resource Manager, Keri Jones, to no avail.  In fact, the level of hostility and harassment exhibited by Adam Rubin, and by extension, Mike Marucci, increased after Plaintiff AKBA COWELL began complaining about their behavior, despite assurances from Ms. Jones that his

complaints would be kept confidential during the investigation.

17. Plaintiff AKBA COWELL asserts that the termination announced by the letter from Adam Rubin, and the alleged events leading to the false impetus for his termination all occurred within a month after his February 2020 communications with Ms. Jones about the unlawful harassment and hostile work environment at the MERCY COLLEGE Dobbs Ferry Campus site for Defendant ARAMARK.

18. At no time did Defendant ARAMARK offer to provide any remedy for the conditions reported to Ms. Jones by Plaintiff AKBA COWELL, nor did Defendant ARAMARK take any action(s) to remedy the conditions reported to Ms. Jones by Plaintiff AKBA COWELL.

19. Together with District Manager for Defendant ARAMARK Andrew DeMelia, and others, Food Service Manager for Defendant MERCY COLLEGE Marianne Spraguer, conspired to have students or employees of Defendant MERCY COLLEGE to falsely state that Plaintiff AKBA COWELL had made inappropriate statements to the employees or students, in an effort to retaliate against Plaintiff AKBA COWELL for his complaints about the unlawful conduct of his managers/supervisors at Defendant ARAMARK.

20. The above-mentioned acts were all conducted in violation of Plaintiff's statutory rights designed to protect him from such acts, and the acts were perpetrated by agents, servants and employees of Defendants ARAMARK and MERCY COLLEGE.  This is because, among other reasons, Defendants ARAMARK and MERCY COLLEGE have tolerated and permitted the conduct alleged herein, and they have failed to maintain a proper system for preventing, reviewing, or addressing such violations by their agents, servants, and employees.  As a result, their agents, servants and employees are encouraged to believe that they can violate, with impunity, the rights of persons, particularly African-Americans.

21. At all times mentioned herein, Defendants ARAMARK and MERCY COLLEGE acted intentionally, willfully, maliciously, and with reckless disregard for and deliberate indifference to Plaintiff's rights.

22. Plaintiff filed a Charge of Discrimination to the EEOC on 15 July 2020 concerning the

claims alleged herein. (A copy of the Charge of Discrimination is annexed hereto as Exhibit "A.")

23. Plaintiff received a Notice of Right to Sue from the EEOC dated 3 February 2021. (A copy of the Notice of Right to Sue is annexed hereto as Exhibit "B.")

**FIRST CAUSE OF ACTION**
**Discrimination on the Basis of Race**

24. Plaintiff AKBA COWELL repeats, reiterates and realleges each, and every, allegation contained in paragraphs marked 1 through 23 with the same force and effect as if more fully set forth at length herein.

25. By their conduct as set forth above, Defendants ARAMARK and MERCY COLLEGE demonstrated that they were motivated in their unlawful actions by reasons of discrimination on the bases of race, creed, color, and/or national origin against Plaintiff, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, as amended, and the New York State Human Rights Law, New York Executive Law § 290 et seq., and of rights secured by the Fourteenth Amendment to the United States Constitution, and the laws of the State of New York, e.g., the New York Human Rights Law, New York Executive Law § 290 et seq., which prohibit discrimination based upon race, creed, color, and/or national origin.

26. Pursuant to 28 U.S.C. § 1367, this Court has pendent or supplemental jurisdiction to hear New York State law claims.

27. That by reason of the foregoing, Plaintiff has suffered mental and emotional injuries all to his damage in the sum of One Million Dollars ($1,000,000.00).

**JURY DEMAND**

Plaintiff hereby demands trial by jury of all issues properly triable thereby.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands the following against Defendants as follows:

(1) On the FIRST CAUSE OF ACTION against each Defendant ARAMARK and MERCY COLLEGE, compensatory and punitive damages in the amount of One Million Dollars ($1,000,000.00);

(2) That Plaintiff recover the cost of the suit herein, including reasonable attorney's fees; and

(3) That Plaintiff have such other and further relief as this Court shall deem just and proper.

Dated: May 3, 2021
       New York, New York

    /s/ Brian K. Robinson
    BRIAN K. ROBINSON, ESQ. (BR 9535)
    TAYLOR LOUIS, LLP
    Plaintiff's Attorneys
    90 Broad Street, Suite 322
    New York, New York 10004
    (212) 461-7167