# JacksonLewis

Jackson Lewis P.C.
44 South Broadway, 14th Floor
White Plains NY  10601
(914) 872-8060 Direct
(914) 946-1216 Fax
jacksonlewis.com

*Via ECF*

July 15, 2021

Hon. Judge Cathy Seibel
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10160

    **Re:**    *Akba Cowell v. Aramark Services, Inc. and Mercy College*
                **Case No. 21-cv-03934-CS**

Dear Your Honor:

This firm represents Defendant Mercy College (the "College") in the above-referenced matter.  As required by Rule 2(A) of Your Honor's Individual Motion Practices and Rules, we write on behalf of the College to request permission to file a motion to dismiss the claims asserted in Plaintiff, Akba Cowell's Complaint.

**A.**    **Relevant Alleged Facts[1]**

Plaintiff was never employed by the College.  Rather, at all times relevant to the Complaint, Plaintiff was an employee of Defendant Aramark Services, Inc. ("Aramark"), a third-party vendor that provides services to the College.

Aramark hired Plaintiff on or about August 23, 2019 and assigned him to the Mercy College Campus on or around November 2019 in the position of "Utility Worker." (Complaint, Dkt. 1 ("Compl.") ¶ 11.)  Plaintiff's supervisors, including Facilities Manager Michael Marucci, General Manager Adam Rubin, and District Manager Andrew DeMelia.

At no time during his period of employment with Aramark did the College direct or control the terms, conditions, or circumstances of Plaintiff's work.

Plaintiff alleges that he was subject to various harassing, discriminatory, and/or retaliatory treatment by Aramark employees. (Compl. ¶ 11.)  However, these Complaints were never brought to the attention of the College.  Moreover, the alleged conduct that comprised the substance of

---

[1] For purposes of this pre-motion letter only, the facts as alleged in Plaintiff's Complaint, though disputed by the College, are accepted as true.

**JacksonLewis**

Hon. Cathy Seibel, U.S.D.J.<br>
July 15, 2021<br>
Page 2

Plaintiff's reports to Aramark Human Resources did not concern any alleged conduct by current or former College employees.

Prior to Plaintiff's termination by Aramark in or around March 2020, Plaintiff was reported to have engaged in inappropriate interactions with College students. The College was obligated to conduct an investigation into the reports regarding Plaintiff's behavior. Plaintiff does not make any factual allegations to support his contention that the Food Service Manager, who was not a Mercy employee, "conspired to have students or employees . . . falsely state that Plaintiff made inappropriate statements." (Compl. ¶ 19) His conclusory allegation alone is insufficient to form the basis of a claim against Mercy College.

After investigating, the College determined that there was sufficient evidence of inappropriate conduct to conclude that the complaints asserted against Plaintiff had merit. The College, therefore, advised Aramark that, it did not wish to have Plaintiff working on the Colleges' premises any longer. It did not advise Aramark to terminate Plaintiff's employment, or in any way provide any suggestion or guidance regarding Aramark's decisions relating to Plaintiff's employment. It simply exercised its right to exclude Plaintiff from its campus and have his duties performed by another Aramark employee.

Aramark alone decided to terminate Plaintiff's employment rather than transfer him to another location or otherwise respond to the findings of the investigation conducted by the College.

**B.     Plaintiff's Title VII and NYSHRL Discrimination Claim(s) Must be Dismissed as a Matter of Law.**

Plaintiff's discrimination claims against the College must be dismissed as a matter of law. Specifically, Plaintiff was never an employee of the College. The College had no role in establishing, directing, or controlling the terms and conditions of his employment with Aramark. The College merely advised Aramark of its needs for services and Aramark managed its employees in providing those services. The College's only involvement was to request that Plaintiff no longer be assigned to the College due to the substantiated reports it had received regarding his alleged inappropriate behavior involving students. Plaintiff has not and cannot establish that he was ever an "employee" of the College within the meaning of Title VII or the New York State Human Rights Law.

Furthermore, Plaintiff has not pled any facts to suggest that any College employee engaged in any discriminatory or retaliatory conduct or that he ever reported to the College that he was being subjected to such conduct. As discussed above, all of the alleged acts of discriminatory conduct pled in Plaintiff's Complaint concern Aramark employees and were never brought to the attention of the College. Further, the College did not play any role in Aramark's decision to terminate Plaintiff's employment.

**JacksonLewis**

Hon. Cathy Seibel, U.S.D.J.<br>
July 15, 2021<br>
Page 3

Therefore, Plaintiff's claims against the College must be dismissed in their entirety as a matter of law.

*     *     *     *     *

Respectfully submitted,

*Susan D. Friedfel*

Susan D. Friedfel
(914) 872-8027
susan.friedfel@jacksonlewis.com
Jackson Lewis P.C.

4840-4501-5281, v. 3