UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AKBA COWELL,<br><br>                           Plaintiff,<br><br>             vs.<br><br>ARAMARK and MERCY COLLEGE,<br><br>                           Defendant. | 21 CV. 3934 (CS)<br><br>**AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff AKBA COWELL, by his attorneys, Taylor Louis, LLP, complaining of the Defendants ARAMARK and MERCY COLLEGE herein, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.      This is an action to recover money damages arising out of defendants' violation of plaintiffs' rights as secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, as amended, the New York State Human Rights Law, New York Executive Law § 290 et seq.  Plaintiff AKBA COWELL was, at all times relevant to the allegations made herein, a male of African descent, who is also a United States citizen.  Plaintiff AKBA COWELL was employed by ARAMARK at the Dobbs Ferry Campus of MERCY COLLEGE from on or about 21 November 2019 until 18 March 2020, where he held the position of Utility Worker.  On or about 18 March 2020 Plaintiff AKBA COWELL received a letter from Adam Rubin, the General Manager for ARAMARK at the Dobbs Ferry Campus of MERCY COLLEGE, informing him that his employment with ARAMARK was terminated.  The termination was preceded by complaints from Plaintiff AKBA COWELL about discriminatory conduct directed at him by managers employed by ARAMARK at the Dobbs Ferry Campus of MERCY COLLEGE.  The termination was made for discriminatory and or retaliatory reasons.  At all times relevant herein ARAMARK was and is a DELAWARE corporation doing business in the STATE OF NEW YORK, with headquarters in PHILADELPHIA, PENNSYLVANIA.  At all times relevant herein MERCY COLLEGE was, and still is, a private university operating in the STATE OF NEW YORK, with

campuses in Dobbs Ferry, Manhattan, the Bronx and Yorktown Heights. At all times relevant herein ARAMARK and MERCY COLLEGE knew or should have known that Plaintiff AKBA COWELL was not being treated in a manner that was fair and in compliance with the laws prohibiting discriminatory conduct against him during his employ based upon his race. Plaintiff AKBA COWELL was not afforded equal treatment due to his race, and he was terminated in retaliation for asserting his right to be treated in a manner equal to the treatment afforded Caucasian employees of ARAMARK at the Dobbs Ferry campus of MERCY COLLEGE, who were working for the benefit of, and at the request of, MERCY COLLEGE.

## JURISDICTION

2. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, as amended, and the laws of the State of New York, e.g., the New York Human Rights Law, New York Executive Law § 290 et seq., which prohibit discrimination based upon race, creed, color, and/or national origin. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343 and the aforementioned statutory provisions.

3. Plaintiffs further invoke this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367, over any, and all, State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (b) because the claims arose in this district.

## PARTIES

5. Plaintiff AKBA COWELL was and still is a resident of the County of Westchester, City of Yonkers, State of New York.

6. Plaintiff AKBA COWELL is a male, United States citizen of African

descent.

7. At all times relevant herein, Defendant ARAMARK, was, and still is, a DELAWARE corporation doing business in the State of New York, at the Dobbs Ferry Campus of MERCY COLLEGE, in particular.

8. At all times relevant herein, the managers, supervisors and employees of ARAMARK at the Dobbs Ferry Campus of MERCY COLLEGE were acting within the scope of their duties and functions as agents, servants and employees of Defendant ARAMARK, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  They were acting for, and on behalf of, Defendant ARAMARK at all times relevant herein, with the power and authority vested in them as agents, servants and employees of Defendant ARAMARK and incidental to the lawful pursuit of their duties as employees, servants and agents of Defendant ARAMARK.  At all times relevant herein, the managers, supervisors and employees of ARAMARK at the Dobbs Ferry Campus of MERCY COLLEGE were discharging their responsibilities for the benefit of MERCY COLLEGE, and with the consent of, and direction from, MERCY COLLEGE.

9. At all times relevant herein, Defendant MERCY COLLEGE, was, and still is, a private university, operating in the State of New York, with campuses in Dobbs Ferry, Manhattan, the Bronx and Yorktown Heights.

10. At all times relevant herein, the managers, supervisors and employees of MERCY COLLEGE at the Dobbs Ferry Campus of MERCY COLLEGE were acting within the scope of their duties and functions as agents, servants and employees of Defendant MERCY COLLEGE, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  They were acting for, and on behalf of, Defendant MERCY COLLEGE, at all times relevant herein, with the power and authority vested in them as agents, servants and employees of Defendant MERCY COLLEGE and incidental to the lawful pursuit of their duties as employees, servants and agents of Defendant MERCY COLLEGE.  At all times relevant herein, the managers, supervisors and employees of MERCY COLLEGE at the Dobbs Ferry Campus provided consent and direction to ARAMARK's managers, supervisors with respect to ARAMARK's activities at the Dobbs Ferry

campus of MERCY COLLEGE, and with respect to the manner in which ARAMARK's managers and supervisors conducted themselves while performing ARAMARK'S activities at the Dobbs Ferry Campus of MERCY COLLEGE, including compliance with the MERCY COLLEGE "Equity Compliance & Non Discrimination" policy, which expressly prohibits discrimination or harassment against non-employees of MERCY COLLEGE, which policy is "defined explicitly to include only contractors, subcontractors, vendors, consultants or other persons providing services pursuant to a contract in the workplace or who is an employee of such a contractor, subcontractor, vendor, consultant or other person providing services pursuant to a contract with the College."

## STATEMENT OF FACTS

11.   Plaintiff AKBA COWELL worked for ARAMARK for the benefit of MERCY COLLEGE at the Dobbs Ferry Campus of MERCY COLLEGE in the capacity of Utility Worker from November 2019 until 18 March 2020.   The period of 23 August 2019 through 18 March 2020 represents the relevant period in this action, based upon the filing of Plaintiff's EEOC claim on or about 15 July 2021.[1]   Although Plaintiff AKBA COWELL was hired by Defendant ARAMARK on or about 23 August of 2019, he was not given the assignment as Utility Worker at the Dobbs Ferry Campus of Defendant MERCY COLLEGE until on or about 21 November of 2019.   Plaintiff AKBA COWELL was first interviewed by a female manager for ARAMARK at the New Rochelle location for MERCY COLLEGE.   Plaintiff had applied for a managerial position, for which he was qualified, with Defendant ARAMARK but was willing to accept a non-managerial position if no managerial vacancy existed.   After the initial interview, he was contacted by the same female manager from ARAMARK, who directed him to contact Adam Rubin, a manager at the Dobbs Ferry campus for MERCY COLLEGE, without providing Plaintiff with specifics about the position he was meeting with Mr. Rubin to discuss.   When Plaintiff AKBA COWELL finally met with Adam Rubin he inquired about whether he was

---

1 Plaintiff did not file a claim with the New York State Commission on Human Rights (the "Commission), although the EEOC Complaint references the Commission.   The EEOC Complaint dated July 15, 2020, was previously filed as Exhibit 1 to the initial Complaint filed in this action on May 3, 2021.   ARAMARK responded to the EEOC Complaint via the EEOC Online Portal on or about January 22, 2020.

4

going to working in a managerial capacity.   Mr. Rubin informed Plaintiff that he had no knowledge of a managerial level vacancy for Plaintiff to fill with ARAMARK at the Dobbs Ferry campus of MERCY COLLEGE.   When Plaintiff asked why Mr. Rubin was unaware of any such vacancy for Plaintiff, Mr. Rubin replied that perhaps it had to do with Plaintiff AKBA COWELL's name.   Shortly after starting in his new position as Utility Worker, Plaintiff became aware that Michael Marucci was hired as a manager in the same facilities department at the Dobbs Ferry campus by ARAMARK, and that Mr. Marucci would be one Plaintiff's supervisors.   Consequently, Plaintiff was summarily looked over for the managerial position he had applied for.   This failure by Defendant ARAMARK was the first sign of discriminatory conduct.   Throughout the period of time ARAMARK employed Plaintiff AKBA COWELL, he was subjected to a hostile and racially discriminatory work environment, and adverse terms and conditions of employment.   Despite his numerous complaints to the Human Resources Department of Defendant ARAMARK, the complaints were not addressed in any meaningful way.   Instead, and although the termination letter of 18 March 2020 was silent as to the reason for his termination, he was terminated related to the unfounded allegations that Plaintiff AKBA COWELL had engaged in some form of harassment directed towards students at, Defendant MERCY COLLEGE, namely Amanda Diaz and Briana Gervolino ("Diaz and Gervolino").   Diaz and Gervolino are Caucasian females.   In addition, to the unlawful hostile and discriminatory work environment Plaintiff AKBA COWELL was subjected to by ARAMARK managers/supervisors Adam Rubin, General Manager, and Michael Marucci, Facilities Manager/Supervisor, it is alleged that Messrs. Rubin and Marucci, in their continued efforts to harass and discriminate against Plaintiff AKBA COWELL, concocted the allegation of harassment against Plaintiff AKBA COWELL and solicited the participation of MERCY COLLEGE employees and/or students, including, but not limited to, Marianne Spraguer, Food Service Manager, to support the false allegation of harassment related to Diaz and Gervolino as a pretext for terminating Plaintiff AKBA COWELL.   On or about 20 February 2020 Plaintiff, was informed by his shift supervisor, Ivan Balbuena that Messrs. Rubin and Marucci had been instructed by ARAMARK's human resources department to stop harassing Plaintiff.   Mr.

Balbuena also informed Plaintiff that Messrs. Rubin and Marucci were seeking to use Diaz and Gervolino in their efforts to harass him in defiance of the directive from human resources.   Mr. Balbuena also showed Plaintiff an email from Andrew DeMelia, directed to Mr. Balbuena, asking Mr. Balbuena to manufacture false allegations against Plaintiff.   The order to manufacture false allegations was also given to Manley Cameros.   Both Messrs. Balbuena and Cameros refused to act on the order from Mr. DeMelia.   Messrs. Rubin and Marucci, who were the direct decision makers concerning the work performed by Plaintiff AKBA COWELL during his employment with Defendant ARAMARK, and Andrew DeMelia, the District Manager for Defendant ARAMARK, who was also aware of the unlawful hostile and discriminatory environment Plaintiff AKBA COWELL was subjected to during his employment with Defendant ARAMARK, are all Caucasian.

        12. During the time of his employment with Defendant ARAMARK, Plaintiff AKBA COWELL was subjected to harassment in the form of physical intimidation that other similarly situated Caucasian employees were not subjected to.   For example, Michael Marucci, made it a point to inform Plaintiff AKBA COWELL that he held a black belt in karate, after also providing an unsolicited viewing of pictures of his personal gun collection.

        13. In another instance, Plaintiff AKBA COWELL was denied access to or not assisted in obtaining the safety boots and/or other equipment that he was told were necessary to perform the functions of Utility Worker, while at the same time receiving criticism from Michael Marucci and Adam Rubin concerning his alleged lack of preparedness for work.   Additionally, Messrs. Marucci also inappropriately asked Plaintiff to meet outside of the workplace, and out of the view of ARAMARK employees, to receive the safety boots that were necessary for his job responsibilities, knowing that the boots were otherwise readily available at the workplace, and that they could be, and where ultimately, delivered to Plaintiff by his shift supervisor, Mr. Balbuena.   Other similarly situated  workers, who were not African-American, were not subjected to similar mistreatment.

        14. In yet another instance, Plaintiff AKBA COWELL was required by his supervisors to

collect refuse, as part of the normal responsibilities of a Utility Worker, while being held to completion deadlines that other similarly situated Caucasian co-workers were not held to.

15. During the relevant period here Plaintiff AKBA COWELL became aware of the physical assault of a co-worker of African-descent by then-General Manager, Adam Rubin, and was personally subjected to the scare tactics perpetrated by then-Facilities Manager/Supervisor, Michael Marucci, against him, accompanied with other inappropriate behavior by Mr. Marucci, like taking cell phone camera pictures of his crotch and texting them to Adam Rubin.

16. All of the conduct by ARAMARK's managers referenced above, except their conduct concerning Diaz and Gervolino, was communicated to the Human Resources Department of Defendant ARAMARK through Human Resource Manager, Keri Jones, to no avail.  In fact, the level of hostility and harassment exhibited by Adam Rubin, and by extension, Mike Marucci, increased after Plaintiff AKBA COWELL began complaining about their behavior, despite assurances from Ms. Jones that his complaints would be kept confidential during the investigation.

17. Plaintiff AKBA COWELL asserts that the termination announced by the letter from Adam Rubin, and the alleged events leading to the false impetus for his termination all occurred after his initial complaint to ARAMARK's human resources on or about 22 January 2020, which led to Plaintiff's communications with Ms. Jones about the unlawful harassment and hostile work environment at the MERCY COLLEGE Dobbs Ferry Campus site for Defendant ARAMARK.

18. At no time did Defendant ARAMARK communicate the efforts taken to provide any remedy for the conditions reported to Ms. Jones by Plaintiff AKBA COWELL, nor did Defendant ARAMARK take any meaningful disciplinary action(s) to remedy the conditions reported to Ms. Jones by Plaintiff AKBA COWELL, until after Plaintiff was terminated.

19. Together with the District Manager for Defendant ARAMARK Andrew DeMelia, and others, Food Service Manager for Defendant MERCY COLLEGE Marianne Spraguer, conspired to have students

or employees of Defendant MERCY COLLEGE to falsely state that Plaintiff AKBA COWELL had made inappropriate statements to Diaz and Gervolino, in an effort to retaliate against Plaintiff AKBA COWELL for his complaints about the unlawful conduct of his managers/supervisors at Defendant ARAMARK.  On 18 March 2020 Plaintiff was terminated from his position as a Utility Worker for Defendant ARAMARK at the Dobbs Ferry campus of Defendant MERCY COLLEGE without either Defendant giving consideration to the overall circumstances surrounding the allegations against Plaintiff, which but for their racial biases, would have been investigated fully, allowing Plaintiff to tell his side of the events, and affording Plaintiff a modicum of due process.

20. The above-mentioned acts were all conducted in violation of Plaintiff's statutory rights designed to protect him from such acts, and the acts were perpetrated by agents, servants and employees of Defendants ARAMARK and MERCY COLLEGE.  This is because, among other reasons, Defendants ARAMARK and MERCY COLLEGE have tolerated and permitted the conduct alleged herein, and they have failed to maintain a proper system for preventing, reviewing, or addressing such violations by their agents, servants, and employees.  As a result, their agents, servants and employees are encouraged to believe that they can violate, with impunity, the rights of persons, particularly African-Americans.

21. At all times mentioned herein, Defendants ARAMARK and MERCY COLLEGE acted intentionally, willfully, maliciously, and with reckless disregard for and deliberate indifference to Plaintiff's rights.

22. Plaintiff filed a Charge of Discrimination to the EEOC on 15 July 2020 concerning the claims alleged herein. (A copy of the Charge of Discrimination is annexed as Exhibit "A" to Plaintiff's initial Complaint, which commenced the instant action.)

23. Plaintiff received a Notice of Right to Sue from the EEOC dated 3 February 2021. (A copy of the Notice of Right to Sue is annexed as Exhibit "B" to Plaintiff's initial Complaint, which commenced the instant action.)

**FIRST CAUSE OF ACTION**
**Discrimination on the Basis of Race**

24. Plaintiff AKBA COWELL repeats, reiterates and realleges each, and every, allegation contained in paragraphs marked 1 through 23 with the same force and effect as if more fully set forth at length herein.

25. By their conduct as set forth above, i.e., ARAMARK's failure to hire Plaintiff for an available managerial position at the Dobbs Ferry campus of Defendant MERCY COLLEGE, ARAMARK's hostile work environment towards Plaintiff AKBA COWELL, ARAMARK's retaliation against Plaintiff for engaging in the protected activity of complaining to human resources about the hostile work environment he experienced by terminating his employment without fully investigating the allegations against him, particularly in light of the hostile work environment allegations raised by Plaintiff, and MERCY COLLEGE's failure to investigate fully the circumstances of the allegations against Plaintiff, which gave rise to its directive to Defendant ARAMARK that Plaintiff be removed from the Dobbs Ferry campus, which gave ARAMARK's managers cover and a co-defendant to their act of retaliation against Plaintiff, which by extension violated its own "Equity Compliance & Non Discrimination" policy.   Defendants ARAMARK and MERCY COLLEGE demonstrated that they were motivated in their unlawful actions by reasons of discrimination on the basis of Plaintiff's race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, as amended, and the New York State Human Rights Law, New York Executive Law § 290 et seq., and the laws of the State of New York, e.g., the New York Human Rights Law, New York Executive Law § 290 et seq., which prohibit discrimination based upon race, creed, color, and/or national origin.

26. Pursuant to 28 U.S.C. § 1367, this Court has pendent or supplemental jurisdiction to hear New York State law claims.

27. That by reason of the foregoing, Plaintiff has suffered mental and emotional injuries all to his damage in the sum of One Million Dollars ($1,000,000.00).

## JURY DEMAND

Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following against Defendants as follows:

(1) On the FIRST CAUSE OF ACTION against each Defendant ARAMARK and MERCY COLLEGE, compensatory and punitive damages in the amount of One Million Dollars ($1,000,000.00);

(2) That Plaintiff recover the cost of the suit herein, including reasonable attorney's fees; and

(3) That Plaintiff have such other and further relief as this Court shall deem just and proper.

Dated: October 29, 2021
New York, New York

/s/ Brian K. Robinson
BRIAN K. ROBINSON, ESQ. (BR 9535)
TAYLOR LOUIS, LLP
Plaintiff's Attorneys
90 Broad Street, Suite 322
New York, New York 10004
(212) 461-7167